John J. Nelson (SBN 317598)
**MILBERG, PLLC**
280 S. Beverly Drive, Penthouse Suite
Beverly Hills, CA 90212
Telephone: (858) 209-6941
jnelson@milberg.com

*Proposed Interim Lead Class Counsel for*
*Plaintiffs and the Proposed Class*

[*additional counsel in sig. block*]

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTOF DEBONI,** on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MERCOR.IO CORPORATION,**<br><br>Defendant. | Case No. 3:26-cv-02821<br><br>**NOTICE OF UNOPPOSED MOTION TO CONSOLIDATE RELATED ACTIONS AND APPOINT INTERIM CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:    April 29, 2026<br>Time:                  2:00 PM<br>Courtroom: 2<br>Judge: Hon. William H. Orrick |
| **LISA GILL,** on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MERCOR.IO CORPORATION,**<br><br>Defendant. | Case No. 3:26-cv-02831 |

**NATIVIA ESSON,** on behalf of herself and all others similarly situated,

        Plaintiff,

    v.

**MERCOR.IO CORPORATION** d/b/a **MERCOR,**

        Defendant.

Case No. 3:26-cv-02839

**JELANI LOFTON,** on behalf of himself and all others similarly situated,

        Plaintiff,

    v.

**MERCOR.IO CORPORATION,**

        Defendant.

Case No. 3:26-cv-02865

**ALLAN MASSMAN,** individually and on behalf of all others similarly situated,

        Plaintiff,

    v.

**MERCOR.IO CORPORATION,**

        Defendant.

Case No. 3:26-cv-02990

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, before the Honorable William H. Orrick of the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 2 – 17th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, Plaintiffs Christof Deboni, Nativia Esson, Lisa Gill, Jelani Lofton, and Allan Massman (collectively "Plaintiffs"), will and hereby do jointly move pursuant to Federal Rule of Civil Procedure 42(a) and 23(g)(3) to consolidate the related actions

2

and appoint John J. Nelson of Milberg, PLLC as Interim Lead Counsel (collectively "Proposed Interim Class Counsel"). Counsel for Plaintiffs have advised counsel for Defendant of the pendency of this Motion and will serve a copy of this Motion upon Defendant. Counsel for Plaintiffs have met and conferred with counsel for Defendant who indicated that Defendant does not oppose that the cases should be consolidated but takes no position on the appointment of interim lead counsel.

This Motion is based on this Notice of Motion and Motion; the attached Memorandum of Points and Authorities and exhibits thereto; all pleadings and papers filed herein and in each case; and such additional evidence and argument as the Court may consider in the course of determining this Motion.

**ISSUE TO BE DECIDED (Civil L.R. 7-4(a)(3))**

Whether the Court should enter an Order consolidating the related actions, each of which share a common nucleus of operative facts and allege claims against a common defendant on behalf of overlapping classes, and appointing John J. Nelson of Milberg, PLLC as Interim Lead Counsel to represent the interests of the putative class members, eliminate duplicative motion practice, streamline discovery efforts, and ensure efficient billing and allocation of resources in light of the fact that ten class actions based on the same essential facts, allegations, and circumstances seek relief on behalf of overlapping putative classes and name Mercor.io as a defendant.

Dated: April 16, 2026

Respectfully submitted,

*/s/John J. Nelson*
John J. Nelson (SBN 317598)
**MILBERG, PLLC**
280 S. Beverly Drive, Penthouse Suite
Beverly Hills, CA 90212
Telephone: (858) 209-6941
jnelson@milberg.com

*Proposed Interim Lead Class Counsel for Plaintiffs and the Proposed Class*

Leanna A. Loginov (*pro hac vice* forthcoming)

**SHAMIS & GENTILE, P.A.**
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Tel: (305) 479-2299
lloginov@shamisgentile.com

Andrew G. Gunem (No. 354042)
Carly M. Roman (No. 349895)
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Tel: (872) 263-1100
croman@straussborrelli.com
agunem@straussborrelli.com

Kristen Lake Cardoso (SBN 338762)
**KOPELOWITZ OSTROW P.A.**
One W Las Olas Blvd, Suite 500
Fort Lauderdale, FL 33301
Tel: (954) 525-4100 cardoso@kolawyers.com

A. Brooke Murphy (*pro hac vice* forthcoming)
**MURPHY LAW FIRM**
4116 Wills Rogers Pkwy, Suite 700
Oklahoma City, OK 73108
Tel: (405) 389-4989
abm@murphylegalfirm.com

*Additional Counsel for Plaintiffs and the Proposed Class*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS...............................................................................................i

TABLE OF AUTHORITIES ........................................................................................ii

I.     INTRODUCTION ..............................................................................................1

II.    PRELIMINARY STATEMENT ........................................................................1

III.   LEGAL ARGUMENT .......................................................................................2

   A.    The Court Should Consolidate the Related Actions ..........................................4

       *i.    The Related Actions are Pending in the Same Court*........................................4

       *ii.    The Related Actions Share Common Parties* ..................................................4

       *iii.    The Related Actions Share Common Facts and Law*........................................5

   B.    The Court Should Appoint Interim Lead Class Counsel ....................................5

       *i.    Proposed Interim Lead Class Counsel Has Performed Substantial Work Investigating and Litigating the Claims to Date.*..........................................................6

       *ii.    John J. Nelson and Milberg, PLLC have Relevant Experience and Knowledge of the Applicable Law and are Qualified to Serve as Interim Lead Class Counsel*........................7

       *iii.    Resources that Proposed Interim Lead Class Counsel Has and Will Commit to Representing the Class Support His Appointment as Proposed Interim Class Counsel* .......9

IV.    CONCLUSION..................................................................................................11

## <u>TABLE OF AUTHORITIES</u>

Page(s)

**Cases**

*Abubakar v. County of Solono*,
2008 WL 550117 (E.D. Cal. Feb. 27, 2008)...................................................................5

*Adedipe v. U.S. Bank, Nat'l Ass'n*,
Nos. 13-2687 (JNE/JJK), 13 22944 (JNE/JKK), 2014 WL 835174 (D. Minn. Mar. 4, 2014) .3, 6

*Allen v. Woodford*,
2006 WL 3825008 n. 4 (E.D. Cal. Dec. 26, 2006) ....................................................5

*Azpeitia v. Tesoro Ref. & Mktg. Co. LLC*,
No. 17-CV-00123-JST, 2017 WL 4071368 (N.D. Cal. Sept. 14, 2017)....................................6

*Cappello v. Franciscan All., Inc.*,
No. 3:16-CV-290-TLS-MGG, 2017 WL 781609 (N.D. Ind. Feb. 28, 2017) ...........................6

*Cotter v. Checkers Drive-In Restaurants, Inc.*,
No. 8:19-CV-1386-VMC-CPT, 2021 WL 3773414 (M.D. Fla. Aug. 25, 2021).......................7

*Enterprise Bank v. Saettele*,
21 F.3d 233 (8th Cir. 1994) ........................................................................................3

*Equal Employment Opportunity Commission v. HBE Corp.*,
135 F.3d 543 (8th Cir. 1998) ......................................................................................5

*In re Aluminum Phosphide Antitrust Litig.*,
No. 93-2452, 1994 WL 481847 (D. Kan. May 17, 1994).........................................10

*In re IndyMac ERISA Litig.*,
No. CV0804579DDPVBKX, 2008 WL 11343122 (C.D. Cal. Oct. 7, 2008) ...........................7

*In re Meta Pixel Healthcare Litig.*,
No. 22-CV-03580-WHO, 2022 WL 18399978 (N.D. Cal. Dec. 21, 2022)...............................7

*In re Terazosin Hydrochloride Antitrust Litig.*,
220 F.R.D. 672 (S.D. Fla. 2004)..................................................................................8

*In re Wendy's Co. S'holder Derivative Litig.*,
No. 1:16-cv-1153, 2018 WL 6605394 at*2 (S.D. Ohio Dec. 17, 2018)..................................10

*Kubiak v. Barbas*,
No. 3:11-cv-141, 2011 WL 2443715 (S.D. Ohio June 14, 2011)............................................10

*Medlock v. Taco Bell Corp.*,
No. CV-F-07-1314 OWW/DLB, 2009 WL 1444343 (E.D. Cal. May 19, 2009) ....................10

*Moehrl v. Nat'l Ass'n of Realtors*,
No. 19-cv-01610, 2020 U.S. Dist. LEXIS 164895 (N.D. Ill. May 30, 2020)..........................10

*Noel v. City of Oroville*,
2008 WL 449728 (E.D. Cal. Feb. 15, 2008).............................................................................5

*Outten v. Wilmington Tr. Corp.*,
281 F.R.D. 193 (D. Del. 2012) ..................................................................................................8

*Paraggua v. LinkedIn Corp.*,
No. 5:12-CV-03088 EJD, 2012 WL 3763889 (N.D. Cal. Aug. 29, 2012) ...............................3

*Roberts v. Heim*,
1989 WL 80403 (N.D. Cal. Mar. 22, 1989)...............................................................................5

*Siegall v. Tibco Software, Inc.*,
2006 WL 1050173 (N.D. Cal. Feb. 24, 2006) ...........................................................................3

*Southwest Marine, Inc. v. Triple A Machine Shop, Inc.*,
720 F. Supp. 805 (N.D. Cal. 1989) ...........................................................................................3

*Yousefi v. Lockheed Martin Corp.*,
70 F. Supp. 2d 1061 (C.D. Cal. 1999) .......................................................................................3

**Rules**

Fed. R. Civ, P. 23(g) .....................................................................................................................1, 2

Fed. R. Civ. P. 23.........................................................................................................................3, 6

Fed. R. Civ. P. 23(g)(1)(A) ...............................................................................................................6

Fed. R. Civ. P. 23(g)(1)(A)-(B) ........................................................................................................6

Fed. R. Civ. P. 23(g)(1)(B) ...............................................................................................................6

Fed. R. Civ. P. 23(g)(2)......................................................................................................................6

Fed. R. Civ. P. 42..............................................................................................................................2

Federal Rule of Civil Procedure 23(g)(1)(A)(iv)..............................................................................9

Federal Rule of Civil Procedure 42(a) ................................................................................ 1, 2, 5

Federal Rules of Civil Procedure Rule 23(g)(3) ............................................................... 2, 3, 5, 6

Rule 23(c)(1) .......................................................................................................................... 6

**Other Authorities**

7B Charles Alan Wright et al., *Fed. Prac. & Proc.* § 1802.3 (3d ed. 2005) ................................. 6

Conte, *Newberg on Class Actions,* § 9.35 ................................................................................. 10

*Manual for Complex Litigation* § 10.272 ................................................................................. 10

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO CONSOLIDATE RELATED ACTIONS AND APPOINT INTERIM LEAD CLASS COUNSEL**

**I.      INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiffs Christof Deboni, Nativia Esson, Lisa Gill, Jelani Lofton, and Allan Massman (together, "Plaintiffs"), in the five related cases, *Deboni v. Mercor.io Corporation*, 3:26-cv-02821 ("*Deboni*") (filed on April 1, 2026), *Gill v. Mercor.io Corporation*, 3:26-cv-02831 ("*Gill*") (filed on April 1, 2026), *Esson v. Mercor.io Corporation d/b/a Mercor*, 3:26-cv-02839 ("*Esson*") (filed on April 1, 2026), *Lofton v. Mercor.io Corporation*, 3:26-cv-02865 ("*Lofton*") (filed on April 2, 2026), and *Massman v. Mercor.io Corporation*, 3:26-cv-02990 ("*Massman*") (filed on April 7, 2026), respectfully request the Court consolidate *Esson, Gill, Lofton, and Massman* and into *Deboni* (together, "Related Actions").

Additionally, to ensure that Plaintiffs speak with a unified voice and the litigation is prosecuted efficiently, Plaintiffs respectfully request that the Court appoint John J. Nelson of Milberg, PLLC as Interim Lead Class Counsel under Fed. R. Civ, P. 23(g). Counsel for Plaintiffs have met and conferred with counsel for Defendant regarding the relief sought herein, and Defendant does not oppose consolidation and takes no position on the appointment of interim lead counsel. In support of their Motion, Plaintiffs respectfully submit the following Memorandum.

**II.     PRELIMINARY STATEMENT**

Five related putative class action lawsuits are pending in the United States District Court for the Northern District of California asserting claims against Defendant Mercor.io Corporation ("Mercor" or "Defendant") arising from a cyberattack and compromise of Plaintiffs' personal information.

All cases arise out of a cyberattack experienced by Defendant which was publicly disclosed on or around March 30, 2026 (the "Data Breach") and each seeks relief on behalf of overlapping classes for injuries arising from the unauthorized disclosure of Plaintiffs' and Class Members' confidential personal information. Plaintiffs in the Related Actions allege that Defendant failed to properly secure and safeguard personally identifiable information ("PII" or "Private Information"),

1

stored within Defendant's computer network, including without limitation, names, Social Security numbers, and other sensitive information. Furthermore, each Related Action asserts similar causes of action against Defendant and seeks similar remedies and compensation for those injured and affected by the Data Breach. As such, the Related Actions satisfy the requirements for consolidated actions under Fed. R. Civ. P. 42.

For the benefit of Plaintiffs and the proposed Class, these putative class action lawsuits should be led by Court-appointed Interim Lead Class Counsel. Counsel for Plaintiffs have met and conferred and agreed to the appointment of John J. Nelson of Milberg, PLLC as Interim Lead Counsel, subject to Court approval. Mr. Nelson is extremely qualified to represent and protect the interests of the proposed Classes under each of the factors enumerated in Rule 23(g). He has significant experience successfully prosecuting complex consumer class actions and data privacy cases across the country. Mr. Nelson is nationally recognized by his peers as a leader in plaintiffs' class action litigation and has invested considerable time and resources investigating and pursuing these claims. Considering his substantial experience, Plaintiffs respectfully submit that appointing Mr. Nelson as Interim Lead Class Counsel to manage this litigation would best serve the interests of the proposed Classes and result in judicial and party efficiency.

Since filing the Related Actions, Mr. Nelson and his firm have taken proactive steps to investigate the Data Breach, including, but not limited to, communicating with potential Class Members, speaking with persons possessing substantial cybersecurity expertise, coordinating with other attorneys and counsel for Defendant, and performing substantial research in the factual and legal bases for the respective complaints. Now, in the interests of judicial economy, Plaintiffs request that the Court consolidate the Related Actions and appoint John J. Nelson of Milberg, PLLC as Interim Lead Class Counsel pursuant to Federal Rules of Civil Procedure Rule 23(g)(3).

## III.    LEGAL ARGUMENT

Federal Rule of Civil Procedure 42(a) provides that district courts may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Thus, the threshold question in a consolidation analysis is whether the actions involve a common question of law or fact. *See, e.g.,*

*Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1064-65 (C.D. Cal. 1999) (citing *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994)); *Southwest Marine, Inc. v. Triple A Machine Shop, Inc.*, 720 F. Supp. 805, 806 (N.D. Cal. 1989). Consolidation does not require identical factual and legal claims against the same defendants. *See, e.g., Siegall v. Tibco Software, Inc.*, 2006 WL 1050173, at *3 (N.D. Cal. Feb. 24, 2006) (consolidating cases that presented "substantially similar, if not identical, factual and legal claims against the same defendants"). Rather, it is sufficient that the complaints arise out of the same facts and circumstances, and are based on substantially similar allegations, as is the case here. As set forth herein, the complaints that are the subject of this motion unquestionably meet that standard.

Class actions present unique and complex challenges that require a greater level of organization and case management to protect the interests of Plaintiffs and the putative class members. Federal Rule of Civil Procedure 23(g)(3) permits the appointment of interim lead counsel "to act on behalf of putative class members before determining whether to certify the action as a class action." *Paraggua v. LinkedIn Corp.*, No. 5:12-CV-03088 EJD, 2012 WL 3763889, at *1 (N.D. Cal. Aug. 29, 2012) (quoting Fed. R. Civ. P. 23(g)(3)); *Adedipe v. U.S. Bank, Nat'l Ass'n*, Nos. 13-2687 (JNE/JJK), 13 22944 (JNE/JKK), 2014 WL 835174, at *2 (D. Minn. Mar. 4, 2014). Designating lead counsel now as this complex litigation is being organized ensures the protection of the interests of the class in preparing a consolidated complaint, making and responding to motions, negotiating and conducting discovery, and handling possible settlement negotiations. *See Wang v. OCZ Tech. Grp., Inc.*, No. C 11-01415 PSG, at *4 (N.D. Cal. June 29, 2011) ("A court should "designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class.") (citing Fed. R. Civ. P. 23). In appointing class counsel, the Court should not only "ensure that the lawyers appointed to leadership positions are capable and experienced" but also "that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds." Duke Guidelines (Best Practice 3C).[1]

---

[1] *See* Bolch Judicial Institute, *Guidelines and Best Practices for Large and Mass-Tort MDLs* 33

Consolidating the Related Actions and appointing Interim Lead Class Counsel at the earliest practicable time is essential as it promotes judicial economy and delineates a clear division of labor and allocation of tasks and responsibilities that is crucial in keeping the litigation well-organized and efficient.

**A. The Court Should Consolidate the Related Actions**

The Related Actions, along with any other class or representative cases subsequently filed, transferred or removed to this District arising out of the same Data Breach, should be consolidated into a unified proceeding. This consolidation, and the appointment of leadership, will promote the interests of judicial efficiency and will reduce duplicity in discovery and litigation, as all cases arising from the Data Breach necessarily involve common issues of fact and law. Consolidating these actions will not prejudice or confuse any of the parties or members of the putative Classes.

     i.     *The Related Actions are Pending in the Same Court*

*Deboni* is the earliest filed and lowest numbered case amongst the five Related Actions currently pending in the United States District Court of the Northern District of California. Moreover, the Related Actions are in the same procedural posture having each been recently filed. Here, each case is in its infancy. Consolidation of Plaintiffs' claims into one action for all pre-trial and trial proceedings is not only appropriate, but necessary to avoid duplicative efforts and potentially conflicting rulings. To allow these cases to proceed as separate matters would consume judicial resources with no countervailing benefit to the Class. Indeed, if not consolidated, separately litigating the separate Related Actions would result in virtually identical discovery requests, duplicative motions practice and would present the risk of conflicting rulings. Accordingly, judicial and party efficiency will be promoted by consolidating the Related Actions before the Parties have committed to early motion practice. As such, this factor weighs in favor of consolidating all Related Actions into *Deboni*.

     ii.     *The Related Actions Share Common Parties*

(2d ed. 2018) ("Duke Guidelines"). Although the Guidelines specifically address multi-district litigation, they are informative in a case such as this one.

The parties in these cases are substantially the same.  Each action is a putative class action brought on behalf of a nationwide class of consumers. Mercor is the only named Defendant in each of the Related Actions. While the Related Actions have different plaintiffs, all cases are putative class actions which seek to represent the same group of putative litigants against a common defendant. As such, this factor militates in favor of consolidation.

> ### iii.    *The Related Actions Share Common Facts and Law*

Because the Related Actions present numerous common issues of fact and law, this Court should consolidate the Related Actions. Consolidation is clearly appropriate under such circumstances where the claims for relief in each of the Related Actions are predicated on the same of similar factual allegations. *See, e.g., Abubakar v. County of Solono*, 2008 WL 550117, at *2 (E.D. Cal. Feb. 27, 2008) (noting that it was foreseeable that separately filed actions "alleging identical claims" would be consolidated under Federal Rule of Civil Procedure 42(a)); *Noel v. City of Oroville*, 2008 WL 449728, at *2 (E.D. Cal. Feb. 15, 2008) (consolidating cases that "involve substantially identical legal and factual claims"); *Allen v. Woodford*, 2006 WL 3825008, at *13 n. 4 (E.D. Cal. Dec. 26, 2006) (consolidating cases "because the causes of action are identical in both cases, the parties will have to prove the same elements to establish their claims.").

Consolidation "is a well established method of promoting judicial economy and convenience in cases where common issues of law or fact exist with respect to several actions." *Roberts v. Heim*, 1989 WL 80403, at *1 (N.D. Cal. Mar. 22, 1989); *see also Equal Employment Opportunity Commission v. HBE Corp.*, 135 F.3d 543, 550-51 (8th Cir. 1998) (holding consolidation appropriate because it would "avoid the inefficiency of separate trials involving related parties, witnesses and evidence"). Consolidation will further the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while imposing no significant prejudice. Accordingly, the Court should consolidate the Related Actions.

**B.  The Court Should Appoint Interim Lead Class Counsel**

Rule 23(g)(3) allows the  Court to  designate  Interim Lead Class Counsel to  act on behalf  of  a putative class before determining whether to certify the action as a class action. The Committee Notes

to the 2003 Amendments to Rule 23 emphasize designation of Interim Lead Class Counsel prior to certification is appropriate because:

> [i]t will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. Settlement may be discussed before certification. It may also be important to make or respond to motions before certification.

*See* Fed. R. Civ. P. 23 Advisory Committee Notes (2003).

Determining the appointment of class counsel requires the Court to consider counsels': "(1) work in identifying and investigating potential claims; (2) experience in handling class action and complex litigation and the types of claims asserted in the action; (3) knowledge of the applicable law; and (4) available resources." *Azpeitia v. Tesoro Ref. & Mktg. Co. LLC*, No. 17-CV-00123-JST, 2017 WL 4071368, at *2 (N.D. Cal. Sept. 14, 2017) (quoting Fed. R. Civ. P. 23(g)(1)(A)). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). "If more than one adequate applicant seeks appointment, the court must appoint the applicant *best able* to represent the interests of the class." *Id.* 23(g)(2) (emphasis added). The purpose of this Court's review is to ensure that counsel appointed to leading roles are "qualified and responsible, that they will fairly and adequately represent all parties on their side, and that their charges will be reasonable." *Manual for Complex Litig*. § 10.22 (4th Ed. 2005). The ultimate goal is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* § 10.221; *see also Cappello v. Franciscan All., Inc.*, No. 3:16-CV-290-TLS-MGG, 2017 WL 781609, at *3 (N.D. Ind. Feb. 28, 2017). Ultimately, no single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the relative strengths of counsel. *See* Fed. R. Civ. P. 23(g)(1)(A)-(B); 7B Charles Alan Wright et al., *Fed. Prac. & Proc.* § 1802.3 (3d ed. 2005). Here, proposed Interim Lead Counsel satisfies all the requirements for appointment by the Court under Federal Rule of Civil Procedure 23(g)(3).

      i.    *Proposed Interim Lead Class Counsel Has Performed Substantial Work Investigating and Litigating the Claims to Date.*

One factor courts consider is the work and resources counsel expend investigating the claims being asserted when appointing lead counsel. *See, e.g., Adedipe*, 2014 WL 835174, at *3 (appointing

6

interim class counsel because they "devoted the more substantial effort towards pre-suit investigation and identification of claims"); *In re IndyMac ERISA Litig.*, No. CV0804579DDPVBKX, 2008 WL 11343122, at *2 (C.D. Cal. Oct. 7, 2008) (same). Proposed Interim Lead Class Counsel was the first to file a case arising out of this Data Breach and since then has been intimately involved in investigating, prosecuting, and coordinating this litigation. Proposed Interim Lead Class Counsel immediately began investigating the scope and nature of the Data Breach, potential legal claims and remedies, the identities of and injuries to putative class members, and Defendant's background, organizational structure, and public statements and filings. Proposed Interim Lead Class Counsel also led the effort to coordinate between representative Plaintiffs' counsel and Defendant and prepared and filed the administrative motion to relate and this motion now before this Court.

Mr. Nelson and Milberg, PLLC continue to perform substantial work that has and will continue to be valuable to the Classes as the case moves forward. Moreover, proposed Interim Lead Class Counsel has the support of counsel for Plaintiffs in each of the Related Cases. If appointed, proposed Interim Lead Class Counsel will continue to operate cooperatively and proactively.

ii. *John J. Nelson and Milberg, PLLC[2] have Relevant Experience and Knowledge of the Applicable Law and are Qualified to Serve as Interim Lead Class Counsel*

A primary factor in selecting interim class counsel is the experience, skill and knowledge and familiarity with the relevant law. *See, e.g.*, *In re Meta Pixel Healthcare Litig.*, No. 22-CV-03580-WHO, 2022 WL 18399978, at *2 (N.D. Cal. Dec. 21, 2022). Proposed Interim Class Counsel, collectively, possess the experience and skill to prosecute this action efficiently and effectively. Data privacy cases present unique and novel issues of fact and law that are always evolving. *See, e.g., Cotter v. Checkers Drive-In Restaurants, Inc.,* No. 8:19-CV-1386-VMC-CPT, 2021 WL 3773414, at *9 (M.D. Fla. Aug. 25, 2021) (observing that "the law surrounding data-breach cases is new and evolving."). These cases further require an understanding of the technical issues of data hacking, data privacy measures, and industry standards. Appointing class counsel experienced in data privacy

---

[2] Additional information on Mr. Nelson and Milberg, PLLC can be found in the firm resume attached hereto as **Exhibit A**.

litigation is in the best interest of the class. *Outten v. Wilmington Tr. Corp.,* 281 F.R.D. 193, 200 (D. Del. 2012) ("Experience and knowledge of the law is of the utmost importance when determining lead counsel."); *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (the "most persuasive" factor in choosing lead counsel may be proposed counsel's "experience in, and knowledge of, the applicable law in this field").

Since its founding in 1965, Milberg has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements.[3] Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the United States Supreme Court.[4] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of large-scale wrongdoing. Milberg has been described by the New York Times as "[a] powerhouse that compelled miscreant and recalcitrant businesses to pay billions of dollars to aggrieved shareholders and customers."

The firm currently is involved in some of the largest and well-known class action cases in the country and is particularly active in the field of data breach and privacy litigation. The firm is comprised of more than one hundred attorneys who work from offices across the United States and in Portugal, the United Kingdom, the Netherlands, and Germany. Milberg attorneys come from diverse backgrounds and reflect the diversity of the bar and the classes they seek to represent—from the standpoint of age, gender, experience, and geographic location.

Mr. Nelson has been appointed as class counsel by state and federal courts in data breach class actions, including: *In re New Era Enterprises Inc. Data Incident* Litigation, Case No. 4:25-cv-00732 (S.D. Tex.) (appointed lead counsel); *In re Community Clinic of Maui Data Breach Litigation,* No. 1:24-cv-00431 (D. HI) (appointed co-lead counsel); *In Re: SAG-AFTRA Health Plan Data Security*

---

[3] *See, e.g.*, *In re Tyco Int'l Ltd., Sec. Litig.*, MDL 1335 (D.N.H.) (serving as lead counsel and obtaining approval of $3.2 billion settlement); *In re Prudential Ins. Co. Sales Practice Litig.*, No. 95-4704 (D.N.J.) (serving as lead counsel and recovering more than $4 billion for policyholders); *see also* https://milberg.com/outstanding-recoveries/.

[4] See https://milberg.com/precedent-setting-decisions/page/3/.

*Litigation*, No. 2:24-cv-10503 (C.D. Cal.) (appointed co-lead counsel); *Anderson v. Oak View Group, LLC*, No. 2:24- cv-00719 (C.D. Cal.) (appointed co-lead counsel); *Puller-Soto v. UNITE HERE*, No. 1:24-cv-01565 (S.D.N.Y.) (appointed co-lead counsel); *Kohn et al. v. Loren D. Stark Company, Inc.*, Case No. 4:23-cv-03035 (S.D. Tex.) (appointed co-lead counsel); *In Re: Houser Data Breach Litigation*, No. 8:24-cv-00468 (C.D. Cal.) (appointed co-lead counsel); *In Re: Ethos Technologies Inc. Data Breach Litigation*, No. 3:22-cv-09203-SK (N.D. Cal.) (appointed co-lead counsel); *Garges v. Liberty Partners Financial Services, LLC*, No. 22CV01190 (Cal. Sup. Ct. for Santa Cruz Cty.) (final approval granted February 10, 2024); *Khederlarian et al. v. Utility Trailer Manufacturing Co.*, No. 22STCV30604 (Cal. Sup. Ct. for Los Angeles Cty.) (final approval granted November 1, 2023); and *Bustos v. Riverside Medical Clinic*, No CVRI2203466 (Cal. Sup. Ct. for Riverside Cty.) (final approval granted August 23, 2024).

Mr. Nelson has also been appointed to the Plaintiffs' Steering Committee in the recent 60-million-person data breach litigation captioned *In Re: Powerschool Holdings, Inc., and Powerschool Group, LLC Customer Data Security Breach Litigation*, Case No. 25-md-3149-BEN-MSB. He was also appointed to the Plaintiffs' Steering Committee in *Cheng et al v. Toyota Motor Corporation, et al* a nationwide class action involving defective fuel pumps which resulted in a 330-million-dollar nationwide settlement. No. 1:20-CV-00629 (E.D.N.Y.) (final approval granted December 21, 2022). Mr. Nelson was also appointed to the Executive Committee in *In re Seresto Flea and Tick Collar Marketing, Sales Practices and Product Liability Litigation*, MDL No. 3009, Master Docket Case No. 1:21-cv-04447 (N.D. Ill.).

       iii.     *Resources that Proposed Interim Lead Class Counsel Has and Will Commit to Representing the Class Support His Appointment as Proposed Interim Class Counsel*

The final Federal Rule of Civil Procedure 23(g)(1)(A)(iv) factor, which concerns the resources that counsel will commit to the case, also strongly supports the appointment of Mr. Nelson as Interim Lead Class Counsel. His firm is a well-established, successful law firm that has the resources and personnel necessary to pursue a case of this magnitude, as it has demonstrated in numerous similar class actions. As a result, the firm can fully utilize its resources and knowledge of

class action practice to the direct benefit of Plaintiffs and the Class Members.

Milberg, PLLC has the necessary resources to represent the proposed Classes in this action and has committed and will continue to commit the resources required to prosecute this matter. Additionally, the firm's attorneys and staff are proficient in the use of litigation support technology and have invested in the technological resources needed to litigate complex matters. In short, Proposed Interim Lead Class Counsel is fully committed to pursuing the best interests of Plaintiffs and the proposed Classes and will devote all the necessary resources to bring this matter to a successful conclusion.

Moreover, Mr. Nelson can draw on the experience and resources of counsel for Plaintiffs in the Related Actions, each of whom agree to the appointment of Mr. Nelson. *See Medlock v. Taco Bell Corp.*, No. CV-F-07-1314 OWW/DLB, 2009 WL 1444343, at *6 (E.D. Cal. May 19, 2009) ("The court should always encourage the parties to agree on lead counsel, while imposing its own choice only in extraordinary circumstances.") (quoting Newburg & Conte, *Newberg on Class Actions,* § 9.35); *In re Aluminum Phosphide Antitrust Litig.*, No. 93-2452, 1994 WL 481847, at *5, 7 (D. Kan. May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their counsel." "Absent persuasive evidence to the contrary, the court assumes that nominations and votes for lead counsel are made in good faith for reasons that benefit the client."); *see also In re Wendy's Co. S'holder Derivative Litig.*, No. 1:16-cv-1153, 2018 WL 6605394 at *2 (S.D. Ohio Dec. 17, 2018) (quoting *Kubiak v. Barbas*, No. 3:11-cv-141, 2011 WL 2443715, at *2 (S.D. Ohio June 14, 2011) ("[C]ounsel's ability to make inclusive efforts on behalf of all plaintiffs is an 'essential attribute' for lead counsel.")); *Moehrl v. Nat'l Ass'n of Realtors*, No. 19-cv-01610, 2020 U.S. Dist. LEXIS 164895, at *10 (N.D. Ill. May 30, 2020) ("And all Plaintiffs in this action have consented to the proposed leadership structure."); *Manual for Complex Litigation* § 10.272 (describing "private ordering" approach).

While proposed Interim Lead Class Counsel, in conjunction with counsel for Plaintiffs in the Related Actions, intends to litigate the case zealously, he is fully aware of the Court's expectation that they prosecute the case efficiently and without duplication. Accordingly, they have already

10

discussed how best to organize to effectively use counsels' diverse skills and unique experiences for the efficient prosecution and management of this litigation, while avoiding unnecessary and duplicative billing.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court consolidate the Related Actions and appoint John J. Nelson of Milberg, PLLC as Interim Lead Class Counsel to represent Plaintiffs and the putative Class Members. Plaintiffs further request the Court enter an initial case schedule to set deadlines for Plaintiffs' filing of a consolidated complaint and Defendant's response thereto.

Dated: April 16, 2026                               Respectfully submitted,


                                                    */s/John J. Nelson*
                                                    John J. Nelson (SBN 317598)
                                                    **MILBERG, PLLC**
                                                    280 S. Beverly Drive, Penthouse Suite
                                                    Beverly Hills, CA 90212
                                                    Telephone: (858) 209-6941
                                                    jnelson@milberg.com

                                                    *Proposed Interim Lead Class Counsel for Plaintiffs
                                                    and the Proposed Class*

                                                    Leanna A. Loginov (*pro hac vice* forthcoming)
                                                    **SHAMIS & GENTILE, P.A.**
                                                    14 NE 1st Avenue, Suite 705
                                                    Miami, FL 33132
                                                    Tel: (305) 479-2299
                                                    lloginov@shamisgentile.com

                                                    Andrew G. Gunem (No. 354042)
                                                    Carly M. Roman (No. 349895)
                                                    **STRAUSS BORRELLI PLLC**
                                                    One Magnificent Mile
                                                    980 N. Michigan Avenue, Suite 1610
                                                    Chicago, Illinois 60611
                                                    Tel: (872) 263-1100
                                                    croman@straussborrelli.com
                                                    agunem@straussborrelli.com

Kristen Lake Cardoso (SBN 338762)
**KOPELOWITZ OSTROW P.A.**
One W Las Olas Blvd, Suite 500
Fort Lauderdale, FL 33301
Tel: (954) 525-4100 cardoso@kolawyers.com

A. Brooke Murphy (*pro hac vice* forthcoming)
**MURPHY LAW FIRM**
4116 Wills Rogers Pkwy, Suite 700
Oklahoma City, OK 73108
Tel: (405) 389-4989
abm@murphylegalfirm.com

*Additional Counsel for Plaintiffs and the
Proposed Class*

12